# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **Jeffrey Scott Buffenmeyer,** | : | Case No. 19-16950 (PMM) |
| **Elizabeth Ann Buffenmeyer,** | : | |
| | : | |
| Debtors. | : | |
| | : | |
| **Lynn E. Feldman, Chapter 7 Trustee,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. 20-18 (PMM) |
| | : | |
| **Elizabeth Buffenmeyer,** | : | |
| **Wolf, Baldwin & Associates, P.C.,** | : | |
| | : | |
| Defendants. | : | |

# O P I N I O N

## I.  INTRODUCTION

Prior to filing her chapter 7 bankruptcy petition, debtor Elizabeth Buffenmeyer, (the "Debtor") suffered a physical injury at work which resulted in her filing a worker's compensation claim against her employer (the "Worker's Compensation Claim").  The Worker's Compensation Claim was settled for $85,000.00 post-petition, without notice to creditors or approval from the court.  As a result, Lynn E. Feldman, the chapter 7 trustee (the "Trustee") filed this adversary proceeding ("the Adversary Proceeding") in an effort to collect the settlement amount from both the Debtor and the law firm that represented her in the transaction and who received a portion of the settlement proceeds.  In addition to seeking recovery of the post-petition transfer made to the Debtor, the Trustee objects both to the Debtor's discharge pursuant to 11

U.S.C. §§727(a)(2), (a)(4) and (a)(6) and to the Debtor's claim of exemption of the Worker's Compensation Claim on Schedule C.

The facts here raise many thorny issues regarding the nature and status of the post-petition settlement proceeds. Those questions will have to wait for another day. This Opinion addresses the limited question presented by the Debtor's Motion for Judgment on the Pleadings ("the Motion"). Adv. Proc. 20-18, doc. no. 39.[1] The Debtor argues that this matter may be disposed of due to the simple, yet technical, failure of the Trustee to file a timely, "formal" objection to the Debtor's exemption of the Worker's Compensation Claim (rather than proceeding, as the Trustee chose, by way of an objection included in the Adversary Proceeding). The Debtor, therefore, argues that the exemption of the Worker's Compensation Claim remains valid and that the relief sought in the Adversary Proceeding is unwarranted.

For reasons discussed below, I find the Debtor's argument is without merit and the Motion will be denied.

## II. PROCEDURAL AND FACTUAL HISTORY

### A. Procedural History

The Debtor and her spouse filed a joint voluntary chapter 7 bankruptcy petition on November 5, 2019.[2] The same day, Lynn E. Feldman was appointed as trustee. The Section 341 meeting of creditors ("the §341 Meeting") was held on December 18, 2019. Presumably as a result of her inquiry into the Debtor's assets during the §341 Meeting, the Trustee filed a Notice

---

[1] All references to docket entries in the Adversary Proceeding will be designated as "AP doc. no." and in the main bankruptcy case as "Bky. doc. no."

[2] Debtor Jeffrey Scott Buffenmeyer is not a defendant in this proceeding.

2

of Change from No Asset to Asset Case on December 19, 2019 and requested that a bar date be set to file proofs of claim. Bky. doc. no. 16. The Trustee concluded the §341 Meeting on January 10, 2020.

The Debtor's original Schedule A/B listed the value of the pending Worker's Compensation Claim as "unknown," and 100% exempt pursuant to 11 U.S.C. §522(d)(11)(E) on her original Schedule C. Bky. doc. no. 1 at 14 & 17. The Debtor later amended her Schedule A/B and valued the Worker's Compensation Claim at $68,000.00. Bky. doc. no. 22 at 5. Amended Schedule C, filed on January 10, 2020, lists the Worker's Compensation Claim as either partially or fully exempt pursuant to three (3) statutory provisions:

- 100% exempt pursuant to 11 U.S.C. §522(d)(11)(E);
- Partially exempt (to $25,150.00) pursuant to 11 U.S.C. §522(d)(11)(D); and
- 100% exempt pursuant to 11 U.S.C. §522(d)(10)(C).

The Debtor's Schedule of Financial Affairs states that the Debtor received income of $12,965.00 from Worker's Compensation in the ten (10) or so months preceding the bankruptcy filing. Bky doc. no. 1 at 41. Amended Schedule I indicates that the Debtor receives $1,625.00 per month from Worker's Compensation. Bky. doc. no. 25.

On February 5, 2020, the Trustee commenced the Adversary Proceeding by filing a complaint ("the Complaint") against the Debtor, Wolf, Baldwin & Associates, P.C., The Arc of Chester County, and NorthStone Insurance Company. The Complaint alleges the following causes of action: 1) avoidance and recovery of post-petition transfer pursuant to 11 U.S.C. §§549, 550, and 551; 2) disallowance of claims pursuant to 11 U.S.C. §502; 3) objection to discharge pursuant to §§727(A)(2)(B), (a)(4), and (a)(6); and (critically) 4) objection to the Debtor's exemption of the Worker's Compensation Claim (Count VI).

Following a failed attempt at mediation, Defendants the Arc of Chester County and NorthShore Insurance Company moved to dismiss the Complaint, which was granted on September 14, 2020. AP doc. no. 43. The remaining Defendants are the Debtor and a law firm that represented her in the Worker's Compensation Case, Wolf, Baldwin & Assoc., P.C. (the "Firm"). Both the Debtor and the Firm answered the Complaint. See AP doc. nos. 6 & 9.

On September 2, 2020, the Debtor filed the Motion seeking an entry of judgment on the pleadings or, alternatively, summary judgment in her favor. Briefing of the Motion is complete. See AP doc. nos. 49-50.

### B. Factual Background

The facts are not in dispute. On March 1, 2019, the Debtor was injured at her workplace,[3] the Arc of Chester County (the "Arc"). As a result of being unable to work after the injury, the Debtor received worker's compensation benefits from the Arc beginning in or around April 2019. The Debtor engaged the Firm to represent her with regard to her dispute with the Arc in which she sought further compensation for her injury. In October 2019 (pre-petition) the Firm demanded $122,000.00 from the Arc to settle the Debtor's claim. A settlement agreement was reached between the parties on November 25, 2019, post-petition (the "Agreement"), according to which the Debtor provided a comprehensive release in exchange for $85,000.00. Pursuant to the terms of the Agreement, the Debtor received $68,000.00 of the settlement amount[4] and the Firm received the remaining $17,000.00. The Arc's insurance company,

---

[3] The Debtor, a home health aide, was injured "pulling, lifting and moving a patient." Motion at Exhibit 1, p. 10.

[4] The Debtor does not dispute this fact but asserts that this amount paid was for "future wage loss only." Motion at 3.

NorthStone Insurance Co., funded the settlement on December 13, 2019.  The Trustee alleges that the Debtor did not notify the Arc or its insurer of her bankruptcy filing and did not seek or obtain court approval before entering into the Agreement.  Therefore, the Trustee demands that the transfer of the settlement proceeds be avoided and recovered by the bankruptcy estate.

At her §341 Meeting, the Debtor first disclosed to the Trustee that she had entered into the post-petition settlement.  After the §341 Meeting, the Debtor amended her schedules to include both the existence of the Agreement and the settlement amount.

### III.  LEGAL STANDARDS

#### A.  Motion for Judgment on the Pleadings

The Debtor moves for judgment on the pleadings.[5]  Pursuant to Federal Rule of Civil Procedure 12(c), [6] "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  A motion for judgment on the pleadings tests the substantive merits of the controversy.  See Murphy v. Dep't of Air Force, 326 F.R.D. 47, 49 (D.D.C. 2018) (discussing difference between Rule 12(b)(6) and Rule 12(c) and stating that Rule 12(c) motion relates to merits of claim and asks court to render judgment on merits based on substance of pleadings); GNC Franchising, LLC v. Khan, 2006 WL 3759745, at *1 (W.D. Pa. Dec. 19, 2006) ("Rule 12(c) theoretically is directed toward a determination of the substantive merits of the controversy").

---

[5] See Motion at ¶¶18-20 (citing standard).  While the Motion is styled as "Motion for Judgment on the Pleadings or, Alternatively, Motion for Summary Judgment," the Debtor does not rely on evidence outside of the pleadings, which would warrant analysis under the summary judgment standard set forth in Fed. R. Bankr. P. 7056. Therefore, the Motion will be analyzed as one seeking judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

[6] Fed. R. Civ. P. 12(c) is made applicable in this proceeding by Fed. R. Bankr. P. 7012(b).

The standard for judgment on the pleadings was recently summarized by the District Court:

> Judgment on the pleadings is appropriate only when "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). When considering a motion for judgment on the pleadings, a court "must accept as true all facts presented in the complaint and answer and draw all inferences in favor of the non-moving party[.]" Bedoya v. Am. Eagle Express Inc., 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing Zimmerman v. Corbett, 873 F.3d 414, 417-18 (3d Cir. 2017)).
>
> To decide a motion for judgment on the pleadings, like a motion to dismiss, courts consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and, where appropriate and necessary, "an undisputedly authentic document that a defendant attaches as an exhibit to [the motion] if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Leithbridge Co. v. Greenwich Ins. Co., 464 F. Supp. 3d 734, 738 (E.D. Pa. 2020).

When considering a motion for judgment on the pleadings based on failure to state a claim, the motion "is reviewed under the same standards that apply to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 146-47 (3d Cir. 2013) (citing Revell v. Port. Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010), cert. denied, 131 S. Ct. 995 (2011)); Jenkins v. SEPTA, 801 F. App'x 71, 72 (3d Cir. Apr. 14, 2020) (non-precedential). In such a case, "the complaint must contain sufficient factual matter, which if accepted as true, states a facially plausible claim for relief." Id. (citing Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012)).[7]

---

[7] The Debtor's argument with respect to the objection to exemption claim may not be a true challenge to the sufficiency of the pleadings. However, out an abundance of caution, I have considered it under a motion to dismiss standard as well as the traditional summary judgment standard and have determined that under either standard, the Debtor cannot prevail on her Motion.

6

### B. Legal Principles Governing an Objection to Exemption

Pursuant to 11 U.S.C. §522(b)(1) of the Bankruptcy Code, a debtor may exempt from property of the bankruptcy estate, the property that is listed in either §522(b)(2) or (b)(3). 11 U.S.C. §522(b)(1).[8] Section 522(l) further provides, *inter alia*, that:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. . . . **Unless a party in interest objects, the property claimed as exempt on such list is exempt**.

§522(l) (emphasis added). Thus, an exemption will be permitted unless a timely objection is filed. Rule 4003(c) places the burden of proof on the objecting party to demonstrate that the exemption is not properly claimed.

Bankruptcy Rule 4003(b) sets the time limit for a party to object to a debtor's asserted exemption:

> . . . a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.

Fed. R. Bankr. P. 4003(b)(1). The thirty (30) day time limit provided for in Rule 4003(b) is strictly construed. According to Collier on Bankruptcy:

> The specific exceptions delineated in the rule reinforce the view that the 30-day objection period under Rule 4003(b)(1) is to be strictly enforced. An objection to a debtor's claim of exemption made after the 30-day period should be rejected unless the party has been granted an extension of the deadline as set out in Rule 4003.

4 Collier on Bankruptcy ¶522.05 (16th Ed. 2020). See also Taylor v. Freeland & Kronz, 503 U.S. 638, 644 (1992) (holding that if the time period set forth in Rule 4003 expires without an objection having been filed, the Debtor's objection is final, "whether or not [the debtor] had a colorable statutory basis for claiming it.").

---

[8] All code section references are to Title 11 of the Bankruptcy Code.

7

## IV. DISCUSSION

### A. The Parties' Arguments

As a preliminary matter, I will address the Debtor's assertion that she is entitled to judge on the pleadings on all counts in the Complaint. See Motion at 7 ("upon Defendant having addressed all counts of Plaintiff's Complaint . . . Defendant seeks final judgment . . . ."). I do not construe the Motion as having sufficiently raised the issue of Rule 9(b) as to the counts based upon fraud. The Motion alludes to the failure to satisfy the particularity pleading requirement under Rule 9(b) but does not state a developed argument with respect to the factual allegations. Therefore, as a partial formulated basis for relief, I will not address this issue and make no ruling.

The Debtor's Motion focuses on the her main argument that the Trustee failed to timely object to the Debtor's exemption of the Worker's Compensation Claim because a "formal" objection[9] was not filed within thirty (30) days of the conclusion of the §341 Meeting as prescribed by Bankruptcy Rule 4003(b) and §522(l). See Motion at 5 (citing Taylor v. Freeland & Kronz, 503 U.S. 638, 640-44 (1992)).

The Trustee responds that the Complaint in this Adversary Proceeding, filed twenty-six (26) days after the conclusion of the §341 Meeting, serves as a timely and procedurally proper objection to the Debtor's claimed exemptions. According to the Trustee, Count VI of the Complaint specifically and clearly objects to the stated exemption of the Worker's Compensation Claim. The Trustee, therefore, argues that the Debtor was on sufficient notice.

---

[9] While the Debtor does not explain what precisely a "formal" objection is, I will assume that Debtor is referring to a separate, specifically titled pleading on the docket, rather than, as here, a count contained in an adversary proceeding.

## B. The Motion Lacks Merit

The §341 Meeting in this matter concluded on January 10, 2020. Thus, pursuant to Rule 4003(b), an objection to the Debtor's stated exemption was due on or before February 9, 2020. The Adversary Proceeding (containing the Count VI objection) was filed on February 5, 2020, within the above-stated statutorily prescribed time frame. The Debtor does not dispute these facts and thus the issue is not the timeliness of the objection, but simply its form, or lack thereof.

The premise of the Debtor's argument – that a cause of action in an adversary proceeding does not "count" as a timely filed objection to a debtor's exemption – finds no basis in the law.[10] In fact, authority is to the contrary and supports the contention that an objection to a claimed exemption is properly filed if provided in a form that allows sufficient and reasonable notice to a debtor.

Relevant to the facts at hand, the filing of an adversary proceeding has been held to be a valid exemption objection. In In re Lee, 889 F.3d 639, 644–45 (9th Cir. 2018), the Ninth Circuit found that the trustee's fraudulent transfer action put the debtor on notice and that no "formal" objection to the debtor's claimed exemptions need be filed:

> The adversary complaint here gave [the debtor] more than adequate notice that the trustee objected to [the debtor's] claimed exemptions. In this context, an adversary action and an objection under Rule 4003 are inextricably intertwined . . . . by bringing the adversary action, the trustee attacked the basis for [the debtor's] exemptions in order to recover the property for the estate; the proceeding would have been pointless if [the debtor] could retain his exemptions and therefore retain his fraudulently transferred property interests. . . . **Because it was apparent that the adversary action's sole purpose was to prevent [the debtor] from retaining the exemptions, [the debtor] had adequate notice that the trustee objected to them. Accordingly, while including an express objection to the claimed exemptions in his complaint or other filing would have been a better practice, <u>the trustee's action in filing the adversary complaint sufficiently constituted an objection to the exemption that satisfies Rule 4003.</u>**

---

[10]   The Debtor cites no authority to support her contention.

9

In re Lee, 889 F.3d 639, 644–45 (9th Cir. 2018) (emphasis added). See also In re Grosslight, 757 F.2d 773, 777 (6th Cir. 1985) ("We . . . treat this adversary proceeding as an objection to the claim of exemptions. Taken as such, it was not untimely.") (citation omitted); In re Spenler, 212 B.R. 625, 630 (B.A.P. 9th Cir. 1997) (noting that Rule 4003, "unlike some other bankruptcy rules, proscribes no particular form for objections to exemption claims . . . Rule 4003(b) was meant to provide the debtor with timely notice that the trustee or other interested party objects to a debtor's claimed exemption."); In re Gee, 2014 WL 172334, at *3 (Bankr. N.D. Ohio Jan. 14, 2014) ("Where form is concerned, courts have allowed various vehicles as a proxy for a formal objection to an exemption . . . a formal objection to exemption is not the only procedural mechanism for raising an objection to an exemption.") (citing cases); In re Peters, 2003 WL 22331899, at *2 (Bankr. E.D. Pa. Oct. 7, 2003) (no need to discount objection to plan confirmation as an objection to debtor's exemption where the document was not "labelled Objection to Exemption").

The Debtor ignores this law and relies exclusively on Taylor v. Freeland & Kronz, 503 U.S. 638, 640-44 (1992) in arguing that the Adversary Proceeding, though timely filed, is an insufficient objection to the exception of the Worker's Compensation Claim. Taylor established that unless an objection is timely filed within thirty (30) days of the conclusion of the meeting of creditors, the stated exemption will be considered valid (even if the objection would have been meritorious). 503 U.S. at 643-44. In other words, Taylor holds that the thirty (30) day window to object to an exemption is absolute and places the burden on the objector to voice opposition.

However, Taylor is silent on the question of *how* such an objection may be made. The Debtor thus asserts that Taylor supports a proposition which it does not—namely, that only a

separately filed, "formal" objection is a valid means of objecting to a debtor's claimed exemption.

I conclude that the Trustee's objection here – as a timely filed count in the Adversary Proceeding – is valid. If the Complaint filed by the Trustee provided merely an *indirect* objection to the Debtor's exemption (as, for example, in Lee, in which the trustee stated a cause of action for fraudulent transfer), this might be a closer call. However, Count VI of the Trustee's Complaint states a clear and unambiguous objection; the cause of action is, in fact, titled "Objection to Exemption." Further, paragraph 52 of the Complaint asserts that "[t]he Debtor's claim of exemption of the 'Worker's Compensation Claim' is improper and must be disallowed for numerous reasons." It is hard to imagine a more straightforward pleading. Therefore, I find that Count IV sufficiently states a claim upon which relief may be granted.

The Debtor's implicit allegation that she was not properly on notice of an objection seeks to "elevate . . . form over substance." In re Bidlofsky, 57 B.R. 883, 896 (Bankr. E.D. Mich. 1985) (further noting that "[t]he plain purpose of the objection requirement is to give notice of the issue to the debtor. The trustee's complaint fairly placed the debtors on notice of his objection to their exemption and therefore that the money in the accounts was property of the estate, at least until the Court, after hearing, resolves the issue.").[11]

---

[11]    In her Response, the Debtor posits, without the benefit of citation to law, that the Motion should be granted because the Worker's Compensation Claim represents "post-petition future wage loss and are not even an asset of the estate." AP doc. no. 49 at 4.

While it is true that post-petition wages generally are not property of the chapter 7 estate, see §541(a)(6); In re Hellums, 772 F.2d 379 (7th Cir. 1985), it is also true that "uncertainty arises when a property interest has origins in pre-petition times but is not obtained or obtainable by a debtor until after a bankruptcy filing, perhaps subject to contingencies," In re Klinger, 2020 WL 1671555, at *3 (Bankr. N.D. Ohio Apr. 1, 2020).

The law does not obviously support the conclusion that the settlement should be excluded as property of the estate and the parties have not had the benefit of briefing this undeveloped issue.

## V.  CONCLUSION

The chapter 7 Trustee in this case timely notified the Debtor, via a clear and unambiguous cause of action, that she opposes the exemption of the Debtor's Worker's Compensation Claim.  The Debtor's argument to the contrary is meritless and borders on frivolous.

Having failed to satisfy her burden of establishing that she is entitled to judgment as a matter of law, the Debtor's Motion will be denied.  A separate order will be entered.

**Date:  December 9, 2020**

*Patricia M. Mayer*
**PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE**

---

Neither do the facts support the Debtor's contention that the Agreement was entirely compensation for future wages.  See Settlement Agreement, quoted in AP doc. no. 1 at 4 (calling for a release of "**past, present**, and future wage loss . . . arising out of or from her March 1, 2019 injury.") (emphasis added).